**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

The following cases are set for trial during the **February Trial Term**. The Trial Term will include the five week period of February 5 - February 2, 2024.  The cases are listed in the order in which they are intended to be tried -- although experience indicates that, for various reasons, cases may be called out of sequence. The names and phone numbers of all trial counsel, as well as any pro se litigants, are furnished so that the parties may keep themselves informed of the progress of the cases listed.

Counsel, as well as any pro se party, are reminded to advise the Court promptly of any development subsequent to the entry of this Order which would in any way affect the trial of a case. Settlements of civil jury trials announced to the Court any later than 12:00 noon on the Friday preceding the first day of trial may result in the imposition of juror costs.

**Note:** Photo IDs are required for entrance into the federal courthouse. Electronic devices are prohibited beyond the courthouse's security checkpoint.  However, any Assistant United States Attorney, Assistant Federal Public Defender, law enforcement officer on official business, and attorney permitted to practice law in the Middle District of Florida may bring an electronic device beyond the courthouse's security checkpoint by presenting valid agency identification, a Florida Bar identification card, or *pro hac vice* order.

Please refer to attached Local Rule 5.03.

**CRIMINAL TRIALS:**

**One week prior to the beginning of the trial term**, proposed voir dire, jury instructions and verdict forms shall be filed with the Clerk of Court and served on opposing counsel. Failure to comply with this deadline may result in the imposition of sanctions, including denial as untimely of any submissions later made. In addition, please email a courtesy copy of your jury instructions,  verdict form and a redacted copy of the Indictment, if appropriate in Word format to Chambers at: **chambers_flmd_jung@flmd.uscourts.gov**.

**In addition, exhibit and witness lists shall be filed electronically with the Clerk of Court by the Friday before jury selection. Parties are directed to furnish three copies of each to the Courtroom Deputy Clerk before jury selection.**  All exhibits are to be pre-marked in accordance with M.D. Fla. Rule 3.07.
**Guilty pleas should be held before the Magistrate Judge on or before Wednesday, January 31, 2024.**  Contact the assigned Magistrate Judge's Courtroom Deputy Clerk to be placed on the Magistrate Judge's calendar for change of plea. Counsel for the defendants on bond are charged with the responsibility of notifying the defendants when the case is called for trial and that their presence is required.  Counsel shall notify the Court if an interpreter is required.

**CIVIL TRIALS:**

The parties shall follow the procedures and deadlines set forth in the operative Case Management and Scheduling Order.  Counsel are advised that the deadlines for filing exhibit lists, witness lists, jury instructions, and verdict forms in a civil action are different than those set forth above, which apply strictly to criminal actions.



**TRIAL CALENDAR: February 2024**

|  | CASE NUMBER | CASE NAME | COUNSEL | | DAYS |
|---|---|---|---|---|---|
| **1** | 8:22-CR-60-WFJ-AAS<br><br>Jury Trial set for DATE CERTAIN **February 5, 2024** | USA<br><br>v.<br><br>Bobby Peterson | Lauren N. Stoia<br><br>Michael P. Maddux | 813-274-6000<br><br>813-253-3363 | 7 days |
| **2** | 8:21-CR-218-WFJ-AAS<br><br>Jury Trial set for DATE CERTAIN **February 12, 2024** | USA<br><br>v.<br><br>Maverick Maher<br>Brandon Welch<br>Joshua Williamson<br>Scott Marshall<br>Shawn Ruark<br>Brian Mikkelson | David P. Sullivan and Samantha Elizabeth Beckman<br><br>Daniel Mario Hernandez, Christophir A. Kerr, David Alan Dee, Serbo C. Simeoni, Jason Matthew Mayberry, Benjamin Stechschulte | 813-274-6000<br><br><br>813-280-1244 | 4 weeks |
| **3** | 8:22-CV-01885-WFJ-NHA<br><br>Jury Term **February 5, 2024** | Liquindella Clark<br><br>v.<br><br>Polk County School Board | Kristie Ann Scott<br><br>James C. Valenti and Samuel Jacob Hensel | 239-689-8481<br><br>863-937-6056 | 4 days |
| **4** | 8:21-CR-71-WFJ-AAS<br><br>Jury Term February 5, 2024 | USA<br><br>v.<br><br>Pierre Marc | Shauna S. Hale<br><br><br>PRO SE | 813-274-6000 | 3 days |
| **5** | 8:22-cr-279-WFJ-SPF<br><br>Jury Term February 5, 2024 | USA<br><br>v.<br><br>Johnny Flores | Brooke Padgett and Maria Guzman<br><br>Samuel Landes and Douglas Stamm | 813-274-6000<br><br>813-228-2715 | 3 days |

(TRIAL TERM BEGINS: February 2024)

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>24</u> day of January, 2024.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE



# EXHIBIT LIST

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**Case No.: 8:_ _-cr-_ _ _ _-T-02_ _ _**

_____,

**Plaintiff,** ☐

**Government,** ☐

☐ **Evidentiary**
☐ **Trial**
☐ **Other**

**v.**

_____,

**Defendant.** ☐

| Exhibit Number | Date Identified | Date Admitted | Witness | Description of Exhibit |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**EXHIBIT LIST – Continuation Sheet**

| Exhibit Number | Date Identified | Date Admitted | Witness | Description of Exhibit |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**MIDDLE DISTRICT RULE 5.03 --- COURTROOM DECORUM**

(a)  The purpose of this rule is to state, for the guidance of those heretofore unfamiliar with the traditions of this Court, certain basic principles concerning courtroom behavior and decorum.  The requirements stated in this rule are minimal, not all-inclusive; and are intended to emphasize and supplement, not supplant or limit, the ethical obligations of counsel under the Code of Professional Responsibility or the time-honored customs of experienced trial counsel.  Individual judges of the Court may, in any case, or generally, announce and enforce additional prohibitions or requirements; or may excuse compliance with any one or more of the provisions of this rule.

(b)  When appearing in this Court, unless excused by the presiding Judge, all counsel (including, where the context applies, all persons at counsel table) shall abide by the following:

(1)  Stand as Court is opened, recessed or adjourned.

(2)  Stand when the jury enters or retires from the courtroom.

(3)  Stand when addressing, or being addressed by, the Court.

(4)  Stand at the lectern while examining any witness; except that counsel may approach the Clerk's desk or the witness for purposes of handling or tendering exhibits.

(5)  Stand at the lectern while making opening statements or closing arguments.

(6)  Address all remarks to the court, not to opposing counsel.

(7)  Avoid disparaging personal remarks or acrimony toward opposing counsel and remain wholly detached from any ill feeling between the litigants or witnesses.

(8)  Refer to all persons, including witnesses, other counsel and the parties by their surnames and not by their first or given names.

(9)  Only one attorney for each party shall examine, or cross examine each witness.  The attorney stating objections, if any, during direct examination, shall be the attorney recognized for cross examination.

(10)  Counsel should request permission before approaching the bench; and any documents counsel wish to have the Court examine should be handed to the Clerk.

(11)  Any paper or exhibit not previously marked for identification (see Rule 3.07) should first be handed to the Clerk to be marked before it is tendered to a witness for his examination; and any exhibit offered in evidence should, at the time of such offer, be handed to opposing counsel.

(12)  In making objections counsel should state only the legal grounds for the objection and should withhold all further comment or argument unless elaboration is requested by the Court.

(13)  In examining a witness, counsel shall not repeat or echo the answer given by the witness.

(14)  Offers of, or requests for, a stipulation should be made privately, not within the hearing of the jury.

(15)  In opening statements and in arguments to the jury, counsel shall not express personal knowledge or opinion concerning any matter in issue; shall not read or purport to read from deposition or trial transcripts, and shall not suggest to the jury, directly or indirectly, that it may or should request transcripts or the reading of any testimony by the reporter.

(16)  Counsel shall admonish all persons at counsel table that gestures, facial expressions, audible comments, or the like, as manifestations of approval or disapproval during the testimony of witnesses, or at any other time, are absolutely prohibited.